**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| PHILLIP DEWAYNE STEWART, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:20-CV-675-SEP |
| | ) | |
| SYLVESTER CALDWELL and | ) | |
| E. CRAWFORD, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff Phillip Dewayne Stewart ("Plaintiff), an inmate at North Central Unit in Calico Rock, Arkansas, for leave to commence this civil action without prepayment of the required filing fee.  Doc. [1].  Having reviewed the motion and the financial information submitted in support, the Court has determined that Plaintiff lacks sufficient funds to pay the entire filing fee, and will assess an initial partial filing fee of $0.20.  *See* 28 U.S.C. § 1915(b)(1).  Additionally, the Court has reviewed Plaintiff's complaint and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(b)(1)

Under 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee.  If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period.  After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2).  The

agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of the instant motion, Plaintiff submitted a copy of his inmate account statement. Doc. [1].  A review of the documentation indicates an average monthly deposit of $1.00 and an average monthly balance of $0.01.  Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $0.20, which is 20 percent of Plaintiff's average monthly deposit.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted.  An action is frivolous if it "lacks an arguable basis in either law or fact."  *Neitzke v. Williams*, 490 U.S. 319, 328 (1989).  An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense.  *Id*. at 679.  The court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the Court will "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even self-represented complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules in order to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff filed this action on May 18, 2020, pursuant to 42 U.S.C. § 1983.[1] Named as defendants are Sylvester Caldwell, Mayor of the City of Pine Lawn, Missouri and E. Crawford, Police Clerk of the City of Overland, Missouri. Defendants are sued in both their official and individual capacities. Plaintiff alleges he was unlawfully arrested by the City of Pine Lawn ("Pine Lawn") police officers on February 13, 1998. Doc. [2] at 4-5. Plaintiff states that Pine Lawn did not have jurisdiction to arrest him because he was accused of committing a sexual assault "on the shoulder of I-70 Freeway, which don't run through the City of Pine Lawn." *Id*. at 5. Plaintiff alleges that on the date of his arrest, Crawford "booked [him] into custody without jurisdiction or venue." *Id*. at 4. Plaintiff states he was unlawfully held in custody until March 2, 1998. *Id*.

---

[1] This case was transferred to this Court on May 20, 2020 pursuant to 28 U.S.C. § 1391(b). *See* Docs. [3] and [4]; *Stewart v. Caldwell, et al.*, 4:20-CV-526-DPM (E.D. Ark May 18, 2020).

Plaintiff alleges that Mayor Caldwell "is the highest-ranking administrative government official" in Pine Lawn and "failed to train his officers not to make an unlawful arrest."  *Id*. at 5.

Plaintiff seeks $300,000 in compensatory damages, $300,000 in punitive damages, and injunctive relief.  *Id*. at 6.

### Discussion

"Although the statute of limitations is an affirmative defense, a district court may properly dismiss an *in forma pauperis* complaint under 28 U.S.C. § 1915[] when it is apparent the statute of limitations has run."  *Myers v. Vogal*, 960 F.2d 750, 751 (8th Cir. 1992).  Section 1983 claims are analogous to personal injury claims and are subject to Missouri's five-year statute of limitations.  *Sulik v. Taney Cty., Mo.*, 393 F.3d 765, 766-67 (8th Cir. 2005); Mo. Rev. Stat. § 516.120(4).  In this case, Plaintiff seeks relief for an alleged unlawful arrest that occurred on February 13, 1998, approximately twenty-two (22) years ago.  As a result, Plaintiff's claims are barred by the statute of limitations.

Even if Plaintiff's claims were not barred by the statute of limitations, they would fail.  In an official capacity claim against an individual, the claim is actually "against the governmental entity itself."  *White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017).  Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer."  *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999).  *See also Brewington v. Keener*, 902 F.3d 796, 800 (8th Cir. 2018) (explaining that official capacity suit against sheriff and his deputy "must be treated as a suit against the County"); *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016) (stating that a "plaintiff who sues public employees in their official, rather than individual, capacities sues only the public employer"); and *Elder-Keep v. Aksamit*, 460 F.3d 979,

4

986 (8th Cir. 2006) (stating that a "suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent").  As such, Plaintiff's official capacity claims against Caldwell and Crawford are actually against the municipalities for which they are employed.

To state a claim against a municipality, Plaintiff must allege that a policy or custom of the government entity is responsible for the alleged constitutional violation.  *Monell v. Dep't of Social Services,* 436 U.S. 658, 690-91 (1978).  The instant complaint does not contain any allegations that a policy or custom of either the City of Pine Lawn or the City of Overland was responsible for the alleged violations of Plaintiff's constitutional rights.  As a result, the complaint fails to state a claim upon which relief can be granted.

Plaintiff's claims against Caldwell and Crawford in their individual capacities also fail. Plaintiff has not alleged they were directly involved in or personally responsible for specific violations of his constitutional rights.  "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights."  *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990).  *See also Jeffers v. Gomez*, 267 F.3d 895, 915 (9th Cir. 2001) (explaining that § 1983 liability arises only upon a showing of personal participation by defendant); *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff).  Plaintiff does not allege Caldwell or Crawford were involved in Plaintiff's unlawful arrest by municipal police officers.  A public official cannot be held liable solely because he or she holds an administrative or supervisory position.  *See Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995) (holding that *respondeat superior* is inapplicable in § 1983 cases).  Plaintiff alleges that

Caldwell was responsible as a result of his supervisory position and Crawford as a result of his administrative position.  Thus, Plaintiff has failed to plead specific facts establishing an actual link or connection between Defendants and the alleged constitutional violation.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to proceed *in forma pauperis* (Doc. [1]) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff shall pay an initial filing fee of $0.20 within twenty-one (21) days of the date of this Order.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice for failure to state a claim.  *See* 28 U.S.C. § 1915(e)(2)(B).  A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this 29th day of May, 2020.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE